## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JESUS GASPAR, #1763684, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0159-B-BK |
| | § | |
| WILLIAMS STEPHENS, Director | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be summarily dismissed as barred by the one-year statute of limitations.

### I. BACKGROUND

In 2012, Petitioner pled guilty to possession with intent to deliver a controlled substance and was sentenced to 35 years' imprisonment. *State v. Gaspar*, No. F09-30667 (195th Jud. Dist. Ct., Dallas Cty., 2012), *aff'd*, No. 05-12-00121-CR, 2012 WL 5328649 (Tex. App., Dallas 2012, pet ref'd); Doc. 3 at 2-3. The Texas Court of Criminal Appeals subsequently denied his state habeas application. *Ex Parte Gaspar*, No. WR-82,539-01 (Tex. Crim. App. July 29, 2015).[1]

On January 20, 2016, Petitioner filed the petition in this case, alleging ineffective assistance of counsel and a violation of the Fourteenth Amendment, and challenging the

---

[1] The docket sheet is available at http://www.search.txcourts.gov/Case.aspx?cn=WR-82,539-01&coa=coscca.

voluntariness of his guilty plea and the sufficiency of the evidence.[2]  Doc. 3 at 6-7; Doc. 9 at 2-12.  As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.  Doc. 8.

## II. ANALYSIS

This case is ripe for dismissal for failure to comply with a court order and/or for want of prosecution since Petitioner failed to comply with the February 16, 2016, order requiring him to address the statute of limitations issue, Doc. 8, and has not requested an extension of time to do so.[3]  That notwithstanding, the petition should be dismissed as time barred.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitations period for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.  *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006).   Petitioner filed his federal petition well beyond the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  Petitioner's conviction became final on August 13, 2013 -- 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on May 15,

---

[2] The federal petition is deemed filed on December 31, 2015, the date on which Petitioner certified signing and placing it in the prison mail system.  *See* Doc. 3 at 10; Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

[3] Petitioner filed a signed *Memorandum* on February 23, 2016, shortly after the filing of the court's order to respond regarding the limitations period.  Doc. 9.  That pleading, however, is not a response to the Court's order to respond and is instead a signed copy of the original *Memorandum* filed with the federal petition.  Doc. 4.

2013.  *See* Sup. Ct. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003);

*Gaspar*, 2012 WL 5328649.  Thus, as of the filing of his state habeas application on April 15,

2014, 244 days of the one-year limitations period had elapsed.[4]  The state application remained

pending until its denial on July 29, 2015, statutorily tolling the one-year limitations period.  28

U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state

application); *Ex Parte Gaspar*, No. WR-82,539-01.[5]  The one-year period resumed running the

next day, on July 30, 2015, and expired 121 days later on Saturday November 28, 2015

(extended to Monday November 30, 2015), about one month before the federal petition was filed

on December 31, 2015.  Fed. R. Civ. P. 6(a).

Subsections (B) through (D) of section 2244(d)(1) are inapplicable here.  Petitioner

alleges no state-created impediment that prevented timely filing of his claims, he does not base

his claims on any new constitutional right, and the facts supporting his claims became or could

have become known prior to the date on which his conviction became final.  Consequently, the

federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

---

[4] The state application is deemed filed on April 15, 2014, the date on which Petitioner signed it and likely also handed it to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application); *Ex parte Gaspar*, No. W09-30667A, *Application for Writ of Habeas Corpus* (195th Judicial District Court, Dallas County filed May 2, 2014), available at http://courtecom.dallascounty.org/pav/.

[5] The docket sheet is available at http://www.search.txcourts.gov/Case.aspx?cn=WR-82,539-01&coa=coscca.

*Equitable Tolling*

Petitioner's filings, even when liberally construed in light of his pro se status, do not present "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *see also Menominee Indian Tribe of Wis. v. United States, ---U.S. ---, 136 S. Ct. 750, 755-756 (2016)*. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  *See* 28

U.S.C. § 2244(d)(1).

SIGNED May 4, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE